1819.

LIVINGSTON
v.
OGDEN.

---

LIVINGSTON <em>against</em> OGDEN and GIBBONS.

By the declaration of the statute, passed *April* 6th, 1808, (1 *N. R. L.* 238. sess. 31. c. 135.) as well as by immemorial usage, the whole of the *Hudson* river, southward of the northern boundary of the city of *New-York*, and the whole of the *bay* between *Staten Island* and *Long* or *Nassau-Island*, are within the jurisdiction of this state: Therefore, where the legislature had granted to *L.* and *F.* the exclusive privilege of navigating *steam boats*, "in all creeks, rivers, bays, and waters whatsoever, within the territory or jurisdiction of this state," *all the waters lying between Staten-Island and Powles Hook and the Jersey shore*, were held to be within the jurisdiction of the state, either as part of the *Hudson river* or the *bay*; and an *injunction* was issued to restrain persons from navigating those waters with *steam boats*, in violation of such exclusive privilege granted to *L.* and *F.*

*May 3d.*

THE bill stated, that the legislature, by an act of the 27th of *March*, 1798, granted an exclusive privilege to *R.*

*R. Livingston*, of using steam boats "in all creeks, rivers, bays, and waters, whatsoever, within the territory or jurisdiction of this state," for fourteen years, &c. That by the act of the 5th of *April*, 1803, the privilege was granted to *R. R. Livingston* and *Robert Fulton*, for twenty years. That they complied with the terms upon which that privilege was granted. That by an act of the 6th of *April*, 1808, the privilege was extended for thirty years, and that if any person violated that privilege, by navigating any steam boat, without their license, " upon the waters of this state, or within the jurisdiction thereof," they should forfeit such boat. That by an act of the 9th of *April*, 1811, injunctions were to be awarded to protect the privilege, &c. That on the 20th of *August*, 1808, *Livingston* and *Fulton*, by deed, granted to the plaintiff the right they possessed to navigate steam boats, " from any place within the city of *New-York* lying to the south of the State Prison, to the *Jersey shore and Staten Island*, viz. *Staten Island, Elizabethtown Point, Amboy*, and the *Rariton up to Brunswick*, but to no point or place *north of Powles Hook ferry*." That on the 5th of *May*, 1815, the plaintiff granted to the defendant *Ogden* permission to run a steam boat *between Elizabethtown Point and New-York*, for ten years ; and the defendant *Ogden* agreed that he would not, directly or indirectly, be concerned, during the term, with any steam boat, to run to or from any other place within the grant of the plaintiff. That the defendant *Gibbons* is the owner of a steam boat, called the *Bellona*, and without license, and contrary to the i ght of the plaintiff, employs it to run *between Elizabethtown Point and New-Brunswick ;* and has lately navigated the waters of this state, between *Elizabethtown Point and Powles Hook*, and between *Powles Hook and New-York*. That the defendant *O*. hath combined with the defendant *G*. to violate the right of the plaintiff. That the defendant *O*. is the owner of a steam boat called the *Atalanta*, and the two defendants have agreed to employ these two boats

in conveying passengers between *New-York and Bruns-wick*, to wit, the *Atalanta* navigating between *New-York* and *Elizabethtown Point*, and the *Bellona* between that place and *Brunswick;* and that the defendants have agreed to exchange passengers at *Elizabethtown Point,* and have appointed one *William B. Jaques*, their common agent in *New-York*, to receive the passage money for the whole route, and he has given notice of such an arrangement. Prayer for an injunction, to restrain the defendants from navigating the said two boats, except from *New-York* to *Elizabethtown Point.* &c.

The answer of *Aaron Ogden* stated, that the ports and harbours of *Elizabethtown Point* and *Brunswick*, are within the jurisdiction of *New-Jersey*. That the waters lying between those points are equally so ; and he denied that such navigation is in contravention of any law of *New-York*. That the grant to *Livingston* and *Fulton* was only as to waters *exclusively* within the state of *New-York*. That neither the grant to them, nor to the plaintiff, ever gave any exclusive right to navigate steam boats between one port in *New-Jersey* and another port in *New-Jersey*. He denied all agreement and combination with the defendant *G.*, or that *Jaques* is his agent, or the joint agent of him and the defendant *G.* The defendant admitted, that passengers are conveyed on board his boat, when running in her usual course from *New-York* to *Elizabethtown Point*, and are then and there received on board the *Bellona*, and conveyed to *New Brunswick;* but he denied that this was any violation of his agreement with the plaintiff. That he had no concern with, or interest in, the boat of the defendant *G.*

The defendant, *Gibbons*, in his answer, admitted the statutes, and the derivative right of the plaintiff, but denied that he acquired any exclusive right to navigate by steam boats to the *Jersey shore*, at *Powles Hook, Elizabethtown, Amboy*, &c. He admitted, that the plaintiff runs a steam boat, called the *Olive Branch*, from *New-York* to *Bruns-*

wick, but denied that the plaintiff has any exclusive right so to do. He admitted, that he owned a steam boat called the *Bellona*, and that she runs between *Brunswick and Eliza-bethtown Point*, and that she has occasionally been continued to *Powles Hook*, and returned again, without navigating any waters *exclusively* within the state of *New-York*. That the boat runs from one port in *New-Jersey* to another port in *New-Jersey*. That he has a coasting *license* under the *United States*. That on the 11th day of *April*, inst. his boat ran *once* from *Powles Hook* to the city of *New-York*, under a license from the *Jersey* steam boat company, since expired, and that the boat has not run on the exclusive waters of *New-York* on any other occasion. He denied all agreement or combination with the defendant *Ogden*, or that *Jaques* is their common agent or the agent of this defendant, to collect money from passengers, &c. He denied that the *notice* was ever published by his authority.

A motion was made in behalf of the plaintiff, for an injunction to restrain the defendants from using their steam boats, &c.

*T. Sedgwick*, and *H. Bleecker*, for the plaintiff.

*J. V. Henry*, for the defendant *Ogden*.

*Scudder*, (of *New-Jersey*,) for the defendant *Gibbons*.

THE CHANCELLOR. This case brings up the question of territorial jurisdiction.

By the act of the legislature of this state, passed the 6th of *April*, 1808, entitled, " an act relative to the jurisdiction of this state, over the territory therein mentioned," the jurisdiction of this state is declared and asserted over " the whole of the river *Hudson*, southward of the northern boundary of the city of *New-York*, and the whole of the bay between *Staten Island* and *Long* or *Nassau Island*."

All the water that lies between *Staten Island*, and *Powles Hook*, and the *Jersey* shore, would seem to be comprehended in the above limits, as being either a part of *Hudson* river, or of the bay. It belongs either to the one or the other, and so far, therefore, as the steam boat *Bellona* has navigated between *Staten Island* and *Powles Hook*, she has navigated upon the waters within the jurisdiction of this state, and in violation of the exclusive right granted to *Livingston* and *Fulton*, and by them, in respect to those waters, to the plaintiff. The act referred to, declares it to be " the duty of all officers, according to their respective powers, authorities, and functions, to preserve, maintain, and defend the jurisdiction of this state, in and over the said territory, until this state shall be evicted thereof by due course of law." But the exclusive jurisdiction of this state does not appear to be asserted and declared to the water of the sound that lies between *Staten Island* and the state of *New-Jersey*. And I do not think that I am warranted, and it certainly is not my inclination, to extend the exclusive privilege of navigating boats by steam, granted by the legislature of this state, beyond the injunctions of the law, or so far as to interdict the defendant *Gibbons* from navigating a steam boat through that sound, between *Elizabethtown Point* and *Amboy*. But as to the waters between *Powles Hook* and *Staten Island*, and which are clearly a part of the waters of *Hudson* river, or of the bay of *New-York*, the jurisdiction of the state must be as entire and perfect as to any part of the waters on *Hudson* river. The jurisdiction must be absolute and exclusive, if any jurisdiction exists; and the declaration of the statute, as well as immemorial usage, have left no discretion in our Courts on that point.

I shall, therefore, deny the motion as against the defendant *Ogden*, who navigates his boat under authority from the plaintiff, and who does not appear, in any instance, to have exceeded that authority; and I shall grant the motion as against the defendant *Gibbons*, so far only as to enjoin

him from navigating the waters in the bay of *New-York,*     1819.
or *Hudson* river, between *Staten Island* and *Powles Hook.*     VARICK
                                                            v.
                                    Order accordingly.     CORPORATION
                                                            OF N. YORK.,